UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE


**CRIMINAL ACTION NO. 3:01-CR-178-001-KSF**

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                                        **OPINION AND ORDER**

WILLIAM EARL CLARK                                                    DEFENDANT

                                    * * * * * * * *

        This matter is before the Court on the Motion of the Defendant, William Earl Clark, for

reduction of his sentence based on the retroactive crack cocaine amendment of the Federal

Sentencing Guidelines.

**I.      BACKGROUND**

        The lengthy history of this case can be summarized as follows.  On April 10, 2001, while

serving outstanding warrants for the Defendant's arrest, the police found him in possession of 3.58

grams of cocaine base.  A jury convicted Clark for possessing with intent to distribute 3.58 grams

of cocaine base, and he was sentenced to 210 months' imprisonment.  On appeal from his

conviction, Clark claimed that the failure of the indictment to allege a quantity of cocaine base

violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the seating of an all-while jury violated

his due process rights, and that the court erred by admitting evidence of his prior drug sales.  The

Sixth Circuit rejected Clark's claims and affirmed the judgment.   *United States v. Clark*, 112 Fed.

Appx. 481, 482 (6th Cir. 2004) ("*Clark I*").

        Following its decision in *United States v. Booker*, 543 U.S. 200 (2005), the Supreme Court

remanded Clark's case for further consideration, and the Sixth Circuit remanded it for resentencing.

Clark then sought dismissal of the indictment because it did not specify the amount of cocaine base

in his possession.  This Court held the scope of its jurisdiction was limited to resentencing in light

of *Booker*, and it resentenced Clark to 210 months' imprisonment. Clark's adjusted offense level was 22. He was considered a career offender under the Guidelines, increasing his total offense level to 32. His criminal history category was VI. Based on his total offense level of 32 and his criminal history category of VI, the advisory Guidelines range was 210 to 262 months' imprisonment. *United States v. Clark*, 225 Fed. Appx. 376, 377-78 (6th Cir. 2007) ("*Clark II*").

On appeal from the resentencing, Clark argued the court erred in refusing to consider the challenges to the indictment, that the use of his prior convictions violated his Sixth Amendment right to a jury trial, and that the sentence imposed was unreasonable. The Sixth Circuit affirmed the sentence, holding that the district court's jurisdiction was limited by the mandate, that the court had previously rejected his *Apprendi* claims, and that there was no applicable exception from the law-of-the-case doctrine. It further rejected his claims that consideration of his prior convictions violated the Sixth Amendment and that his 210-month sentence was unreasonable. *Clark II*.

Clark then filed the present *pro se* motion seeking a new sentencing proceeding based upon Amendments 706 and 713 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. He also attacks the career offender adjustment to his sentence as unsupported by empirical evidence regarding recidivism and notes his subsequent rehabilitative efforts, family ties and options for employment. Finally, he argues that there are numerous mitigating factors to support a lower sentence. In support, he provides copies of letters written on his behalf in 2005, before he was resentenced.

In a report dated August 29, 2008, the United States Probation Office reported that Clark's "Total Offense Level and applicable guideline range for imprisonment were not affected by the amendments contained in the 2007 Guidelines Manual ... and that the defendant is not eligible for a reduction in his sentence." Counsel for Defendant Clark filed Objections to this report in which he relied upon the same two cases cited by Clark.

II.     **ANALYSIS**

A.      **Retroactive Sentencing Reduction for Crack Cocaine Offenses**

Clark acknowledges that he was sentenced to 210 months incarceration in March 2006 as a career offender under the sentencing Guidelines and that the "Commission has suggested that the reduction is not available for those defendants who are found to be Career Offenders." Nonetheless, he seeks a reduction of his sentence based on two unpublished opinions, *United States v. Dawson*, 266 Fed. Appx. 810, 2008 WL 194914 (11th Cir. 2008), and *United States v. Jones*, 260 Fed. Appx. 505 (3d Cir. 2008), in which the cases were remanded for resentencing in light of the crack cocaine amendment, although the opinions mentioned that the defendants were career offenders.  The issue of "eligibility" for a sentence reduction under the crack cocaine amendment was apparently never raised in those cases, as there is no discussion whatsoever of that important question.

The Eleventh Circuit recently addressed this precise issue and reached the opposite result than the one advocated by Clark in reliance on its earlier decision in *Dawson*.  In *United States v. Moore*, ___ F.3d ___, 2008 WL 4093400 (11th Cir. 2008), the court considered five consolidated appeals raising the eligibility question and held that the defendants sentenced as career offenders were not eligible for a reduction in sentence.  *Id.* at *7.

> Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.

*Id.*  The court based its decision on the language of 18 U.S.C. § 3582(c)(2) and the policy statement in U.S.S.G. § 1B1.10.

The Sixth Circuit has not yet spoken on the issue of eligibility for a sentence reduction under the crack cocaine amendment.  This Court is persuaded, however, that the Eighth Circuit's analysis in *Moore* is correct and should be applied to the present case.

3

Section 3582(c) provides in part:

The court may not modify a term of imprisonment once it has been imposed except that –
...
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  The recently revised policy statement in U.S.S.G. § 1B1.10 provides in part:

(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
...
(B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (effective on March 3, 2008, by Amendment 712).  Application note 1(A) to this Guideline states that a reduction under § 3582(c)(2) is not authorized where "the amendment ... is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment, n. 1(A).  *Moore*, 2008 WL 4093400 at *3-4.

Defendant Clark had a base offense level of 22.  With his criminal history, he was considered a career offender, which increased his total offense level to 32 and resulted in an advisory Guidelines range of 210 to 262 months' imprisonment, subject to a cap of 240 months. *Clark II*, 225 Fed. Appx. at 377.  Although Clark's base offense level might be subject to a two-level reduction under Amendment 706, his guideline range as a career offender remains unchanged. Under the plain language of § 3582(c)(2), Clark's sentencing range has not "been lowered by the Sentencing Commission" and a reduction is not consistent "with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  Application Note 1(A) specifically contemplates this situation and says a reduction is not authorized where "the

4

amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision. U.S.S.G. § 1B1.10, Commentary, n. 1(A), emphasis added.

Having considered the record herein, the Court finds that the amendment to the crack cocaine guideline does not lower Defendant Clark's applicable guideline range. Accordingly, he is not eligible for a sentence reduction, and his motion must be denied. In addition to the plain language of the statute and policy statement, this decision is further supported by the decisions in *United States v. Moore*, 2008 WL 4093400 (11th Cir. 2008), *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008), and *United States v. Hamilton,* 2008 WL 4275681 (S.D. Ga. 2008).

### B. Clark's Additional Challenges to His Sentence

Defendant Clark's motion and memorandum request a sentencing reduction based on the November 1, 2007 crack cocaine amendment. [DE 111, p. 1; DE 112, pp. 3-4]. If he were eligible for a reduction under § 3582(c), the court could consider any applicable factors in § 3553(a) in deciding whether to reduce the sentence. 18 U.S.C. § 3582(c)(2). In his Memorandum, Clark appears to be offering § 3553(a) evidence in support of his request for a § 3582 reduction. Since Clark is not eligible for a reduction under § 3582, this evidence has no relevance.

To the extent Clark is seeking some other collateral attack on his sentence, the Court notes that no such attack is authorized by 18 U.S.C. § 3582. Additionally, Clark challenged his sentence in two appeals to the Sixth Circuit, and all of his claims were rejected. *United States v. Clark*, 112 Fed. Appx. 481 (6th Cir. 2004); *United States v. Clark*, 225 Fed. Appx. 376 (6th Cir. 2007). In the second appeal, the court specifically held that Clark's sentence was "both procedurally and substantively reasonable." *Clark II*, 225 Fed. Appx. at 380. The decisions of the Sixth Circuit are the law of the case and are binding upon this Court. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) ("Determinations by a Court of Appeals become law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal."). Clark has

not shown that any of the exceptions to the law-of-the-case doctrine are applicable. Accordingly, his challenge to the reasonableness of his sentence must be rejected.

## III. CONCLUSION

The Court, having reviewed the record and being otherwise sufficiently advised, hereby **ORDERS** that the Defendant William E. Clark's motion for a reduction of his term of imprisonment [DE 111] is **DENIED**.

This October 1, 2008.



**Signed By:**

_**Karl S. Forester**_  $K S F$

**United States Senior Judge**