UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM E. CLARK, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | Nos: 3:01-cr-178 |
| | ) | 3:08-cv-413 |
| | ) | (PHILLIPS/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner William E. Clark ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner was convicted by a jury of possession with intent to distribute crack cocaine, and was sentenced as a career offender to a term of imprisonment of 210 months. Although the conviction and sentence were affirmed by the Sixth Circuit, the judgment was vacated by the Supreme Court and remanded in light of *United States v. Booker*, 543 U.S. 1101 (2005). *United States v. Clark*, 112 F. App'x 481 (6th Cir. 2004), *cert. granted and judgment vacated*, 545 U.S. 1101 (2005). On remand from the Sixth Circuit, petitioner was again sentenced, in accordance with *Booker* and the now-advisory Sentencing Guidelines, to 210 months' imprisonment and the Sixth Circuit affirmed. *United States v. Clark*, 225 F. App'x 376 (6th Cir.), *cert. denied*, 552 U.S. 960 (2007). Petitioner's subsequent motion for sentence reduction pursuant to the amendment to the crack cocaine guideline was denied. *United States v. Clark*, 2008 WL 4510440 (E.D. Tenn. Oct. 1, 2008). Petitioner then filed

this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner also filed a subsequent motion for reduction of sentence pursuant to the Fair Sentencing Act of 2010, which was also denied.

In support of his § 2255 motion, petitioner alleges that he received the ineffective assistance of counsel at trial and on appeal. He also alleges that he is entitled to a new sentencing hearing based upon new Supreme Court law.

III. Discussion

*A. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular

3

case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner first alleges that his attorney failed to obtain a jury instruction on the lesser included offense of simple possession. The Sixth Circuit on direct appeal summarized the evidence against petitioner as follows:

> On April 10, 2001, Knoxville Police Department Officers Greg Womac, Terry Clowers, Felix Vess, and John Williams entered Apartment 266 of the Lonsdale Housing Development in Knoxville, Tennessee, to serve Clark with several outstanding warrants for his arrest. Upon entering the apartment's bedroom, Officer Clowers and Officer Womac observed Clark attempting to hide underneath a table next to the bed. Following the officers' instructions, Clark slid out from underneath the table and remained lying on the floor face down while Officer Womac hand-cuffed him. When Officer Womac attempted to assist Clark to his feet, a prescription bottle fell from Clark's waist area and rolled against the dresser. Recovering the bottle, Officer Womac observed what appeared to be approximately twenty rocks of crack cocaine inside. A lab test later confirmed that the prescription bottle contained 3.58 grams of cocaine base, also known as "crack" cocaine.
>
> ...

Following opening arguments, Officer Womac took the stand and testified as to the details of Clark's arrest and the confiscation of the prescription bottle. A laboratory technician from the Tennessee Bureau of Investigation Crime Laboratory later testified that the rocks inside the bottle constituted 3.58 grams of crack cocaine.

Further evidence focused on whether Clark had the requisite intent to sell the crack cocaine found in the prescription bottle. Dave Lewis, a special agent for the Drug Enforcement Administration, testified that, in his expert opinion, the packaging and number of rocks inside the pill bottle indicated possession with intent to sell. Specifically, Lewis testified that:

> A person that's possessing drugs for personal use in no way would possess 20 to 23 rocks of crack cocaine at any one time; and [further], the size of the rock itself, along with the quantity of the rocks, shows me this is crack cocaine that's possessed for the purpose of distribution.
>
> These are 20–dollar rocks on the street. A person would drive up to the distributor, "I need a 20," and this would be what they were referring to. The particular size of the rock that's a commonly purchased size that a person would purchase for use, they would purchase one, maybe two rocks at one time; usually one rock.
>
> \* \* \* \* \* \*
>
> [O]ne thing you should not be confused about is the amount that's possessed for personal use and the amount that's possessed for distribution. And in my investigations, there's no—it's very easy to discern that.

*United States v. Clark*, 112 F. App'x at 482-83 (citation omitted).

Cari Ramsey, a former girlfriend of petitioner's "testified that, while living in the Lonsdale Housing Development, she frequently observed Clark selling crack cocaine from the porch of a nearby apartment building." *Id.* at 483. Ms. Ramsey "further testified that the pill bottle found in Clark's possession during his arrest was identical to those from which

5

Clark had previously sold rocks of crack cocaine." *Id*. at 488. Officer Vess also "testified that on February 11, 2000, while videotaping from an upstairs apartment window in the Lonsdale Housing Development, he captured the defendant on videotape selling what appeared to be crack cocaine." *Id*. at 483.

Under these circumstances, an instruction on simple possession was not warranted. The evidence was sufficient to support a finding that petitioner possessed the crack cocaine with the intent to distribute it. Accordingly, petitioner's attorney did not render ineffective assistance of counsel by failing to request a jury instruction on the lesser included offense of simple possession. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner next claims that his attorney failed to obtain a favorable plea agreement, despite petitioner's request that counsel obtain a plea agreement which would allow petitioner to limit his sentencing exposure with a three-level reduction for acceptance of responsibility. Without question, a criminal defendant is entitled to know if the government has made a plea offer. *See, e.g., Guerrero v. United States*, 383 F.3d 409, 416 (6th Cir. 2004) ("a defense attorney's failure to communicate a plea offer to his or her client constitutes deficient performance as a matter of law").

The two-part test of *Strickland* applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988). In order to satisfy the prejudice requirement, in a case where a

6

petitioner claims that his attorney was ineffective in counseling the petitioner to reject a plea agreement and go to trial, petitioner must demonstrate that absent counsel's error he would have pleaded guilty. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). "A petitioner who claims that he was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that but for counsel's deficient performance, the petitioner would have pled guilty." *Id*. at 859 (citation omitted).

In this case, however, petitioner does not allege that his attorney failed to advise him of a plea offer or erroneously advised him to reject a plea agreement that was offered by the government. Rather, petitioner claims that counsel failed to obtain a plea offer from the U.S. Attorney's Office. Such a claim lacks merit. "'[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial. It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty.'" *United States v. Sammons*, 918 F.2d 592, 601 (6th Cir. 1990) (quoting *Weatherford v. Bursey*, 428 U.S. 545, 561 (1977)).

In addition, a § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962). There is nothing in the record, with the exception of

7

petitioner's self-serving statement, that he advised his attorney that he wished to plead guilty instead of going to trial. Petitioner has failed to demonstrate ineffective assistance in this regard.

Finally, petitioner alleges that his attorney failed to raise on appeal the trial court's failure to continue the trial based upon unavailability of a witness. On the morning of trial, defense counsel learned that Terry Clowers, one of the arresting officers, would not be attending the trial due to illness. Defense counsel then issued a subpoena for him. Defense counsel told the court that the defense had been expecting Clowers to be present at the trial, and further that the defense expected Officer Clowers' testimony would contradict that of another officer. [Criminal Action No. 3:01-cr-178, Court File No. 71, Transcript of Trial, Vol. I, pp. 184 - 186, 194 - 202].

The defense was unable to serve Officer Clowers with the subpoena and, in any event, the court found that the subpoena was not timely because it was issued the morning of trial. [*Id*., Court File No. 72, Transcript of Trial, Vol. II, pp. 4-5]. Nevertheless, the court allowed the defense to read before the jury portions of Officer Clowers' testimony during the hearing on the motion to suppress. [*Id*. at 26-27]. Petitioner argues that the trial should have been continued based upon the unavailability of Officer Clowers, that petitioner's right to confront the witnesses against him was denied, and that counsel was ineffective for failing to raise that issue on direct appeal.

> "The matter of a continuance is within the discretion of the trial judge, whose decision will be reversed only upon a showing of abuse of discretion. To determine whether there has been abuse we look to see if the defendant

8

suffered any actual prejudice as a result of the denial, whether additional time would have produced more witnesses or have added something to the defendant's case."

*United States v. Kidwell* 217 F. App'x 441, 448 (6th Cir. 2007) (quoting *United States v. Martin*, 740 F.2d 1352, 1360-61 (6th Cir. 1984).

It is important to note that it was petitioner's witness who was unavailable, and thus there was no violation of the Confrontation Clause. "[T]estimonial, out-of-court statements offered against the accused to establish the truth of the matter asserted may only be admitted where the declarant is unavailable and where the defendant has had a prior opportunity to cross-examine the declarant." *United States v. Cromer*, 389 F.3d 662, 671 (6th Cir. 2004) (discussing the holding of *Crawford v. Washington*, 541 U.S. 36 (2004)).

Because petitioner's rights under the Confrontation Clause were not violated, and because petitioner has not shown that he was prejudiced by the court's refusal to continue the trial or that the court otherwise abused its discretion, there was no reason for defense counsel to raise that issue on appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal). The Sixth Circuit has emphasized that tactical choices regarding what issues to present on appeal "are properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

9

## B. Recent Supreme Court Law

Petitioner alleges he is entitled to a new sentencing hearing based upon the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007). In *Kimbrough*, the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 110. Petitioner contends that he is entitled to a lower sentence in light of *Kimbrough* and that the rationale in *Kimbrough* could be used to ameliorate the effects of the career offender adjustment.

As petitioner acknowledges, his guideline sentence range was based upon his status as a career offender and not upon the amount of crack cocaine attributed to him. The Sixth Circuit noted as much in affirming petitioner's post-*Booker* resentencing:

> We find that Clark's sentence was both procedurally and substantively reasonable. First, the district court judge correctly calculated the applicable Guidelines range. Further, although he was not required to "engage in a ritualistic incantation of the § 3553(a) factors," in this case, the district judge did in fact list each of the factors. The district judge then commented that although the amount of cocaine base found on Clark was relatively small when compared to other criminal defendants, Clark had an extensive criminal history. Because Clark's criminal history was so significant, the district judge gave more weight to the § 3553(a) factors that relate to the seriousness of the offense, deterrence, and protecting the public.

*United States v. Clark*, 225 F. App'x 376, 380 (6th Cir. 2007) (quoting *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006)). Accordingly, *Kimbrough* does not afford

petitioner any relief.  *See, e.g., United States v. Johnson*, 442 F. App'x 224, 227 (6th Cir. 2011); *United States v. Smith*, 350 F. App'x 54, 57 (6th Cir. 2009).

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips
United States District Judge